the issue of his guilt (*People v Taylor*, 65 NY2d 1) or challenge on appeal the sufficiency of the instructions before the Grand Jury (*People v Butler*, 198 AD2d 427). Concur—Murphy, P. J., Rosenberger, Wallach, Williams and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TAYLOR, Appellant. [627 NYS2d 665] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered July 2, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

There was a sufficient foundation for closure of the courtroom during the undercover officer's testimony (*People v Martinez*, 82 NY2d 436, 443). The officer testified that he had cases pending and was still operating undercover on a regular basis in the specific area of defendant's arrest, and could be expected to return to that area in the ordinary course of his duties, even though there had been a three-month hiatus between his last visit and the trial.

Testimony concerning an uncharged sale was relevant to defendant's intent to sell the additional drugs recovered from his immediate vicinity, and defendant was not prejudiced by

the absence of a hearing on this issue (*People v Bosa*, 214 AD2d 328), particularly in view of the manifest admissibility of the uncharged sale and the overwhelming evidence of guilt.

Defendant's remaining arguments, concerning the People's summation and the court's response to a jury note, are unpreserved and, in any event, would not warrant reversal. Concur—Murphy, P. J., Rosenberger, Wallach, Williams and Tom, JJ.